NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-454-JBC

EDMOND C. CLEM                                                                                    PLAINTIFF

VS:                               **MEMORANDUM OPINION AND ORDER**

DEPARTMENT OF VETERANS AFFAIRS                                              DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Edmond C. Clem, who gives 460 Fairdale Drive, Lexington 40511, as his address, has filed a *pro se* civil action and has paid the $350.00 filing fee. Since he complains of violations of his rights and seeks to recover money, the Court construes this case as one falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

The Plaintiff is not a prisoner, nor is he proceeding *in forma pauperis*. Therefore, any initial screening of his Complaint must satisfy *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*,

1

415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate if the claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480.

The Court takes notice that Plaintiff has filed a previous Complaint before this Court with similar claims. In *Edmond C. Clem v. George W. Bush, President*, Lex. No. 08-CV-268-JBC, which was filed in this Court on June 12, 2008, Plaintiff had challenged decisions made by the United States Department of Veterans Affairs ("the VA") to deny him a pension and/or disability benefits as far back as 1975. These decisions denied Clem's request on the grounds that *myasthenia gravis* constituted a service-related condition [Record No. 2, pp. 16-23]; there was no documentation as to symptoms in his medical records from that time.

In fact, it appeared in the earlier record before this Court that Clem was discharged from military service in 1951, because the Board of Medical Survey had diagnosed him as having a personality disorder rendering him unfit for military service. Nonetheless, in 1977 and again in 2005, Clem attempted to re-open his claim for service-related benefits, re-asserting that he suffered from *myasthenia gravis*. The latter effort was denied by the VA Regional Office on July 14, 2006 for essentially the same reasons as before.

In a Memorandum Opinion and Order of August 18, 2008 [Record No. 8] in that case, pursuant to *Apple v. Glenn*, this Court dismissed the cause of action *sua sponte* for lack of subject matter jurisdiction. The Court specifically found that the proper

2

court for appealing the denial of veterans' benefits was statutorily set in the United States Court of Appeals for the Federal Circuit; and also that since Clem demanded damages, both the President and the VA were entitled to sovereign immunity.

In this second suit by Clem, he has made the same mistakes which were fatal to his first case, and his Complaint again fits the parameters of *Apple v. Glenn*, for summary disposition.

## SCREENING THE INSTANT ACTION

In the current action, the Plaintiff has again submitted a few handwritten pages to serve as his Complaint and he has again attached copies of the July 14, 2006, decision to deny him benefits, letters, articles, medical records, and still more handwritten documents going to his complaints against the VA. Further, he has named the VA as the Defendant. All this, despite having been informed of the proper court to challenge a benefits decision and having been informed of the VA's immunity from suit in his earlier case.

Although the *pro se* Plaintiff makes broad references to "double jeopardy laws" and the "Bill of Rights" and the "5th and 6th amendments," he does not support these claims with facts. Additionally, the title of the current Complaint makes Plaintiff's claims clear. His title declares "Subject: Trial to Collect a Claim for Veterans Benefits and Damage by Trials Enacted by the United States Navy and the Veterans Center in Louisville, Ky." The exhibits are either duplicates of exhibits filed in the earlier action or new ones which make the same arguments about his entitlement to benefits years

3

ago.

In short, the Plaintiff has again brought a civil proceeding seeking judicial review of prior adverse rulings by the VA. Again, Clem's ultimate goal is to obtain a favorable ruling requiring the VA to pay him a pension and/or disability benefits, based on his allegation that he suffers from *myasthenia gravis*. His claims must be dismissed for several reasons.

The burden of establishing federal subject matter jurisdiction rests on the party asserting jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Thomason v. Gaskill*, 315 U.S. 442 (1942). The plaintiff has the burden of demonstrating such jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Plaintiff Clem cannot meet that burden. As he was told previously, the Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. §511(a). An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals (BVA). 38 U.S.C. §7104(a). The BVA's decision may be appealed to the Court of Veterans' Appeals, 38 U.S.C. §7252(a), and then only to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§7252(c), 7292.

Thus, this Court simply does not have subject matter jurisdiction to entertain the plaintiff's dispute with the VA. *Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501

(2d Cir. 1992) (statutory scheme set forth in 38 U.S.C. § 511, which provides for judicial review of veterans' benefits determinations in the federal circuit, deprived district court of jurisdiction over claims); *Moore v. Commissioner of Social Sec.*, 59 F.3d 170, 1995 WL 376731, **1 (6th Cir.1995) (Unpublished Disposition).

To the extent that the instant *pro se* Plaintiff seeks monetary damages from the VA, as he clearly does, his claim also fails on the ground of sovereign immunity, unless that immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

As this Court has explained to Clem before, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The VA is a federal agency, and federal agencies may not be sued "except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952)); *see also Brooks v. Graber*, 2000 WL 1679420 (D. Kan. 2000) (no authorization existed to name the Department of Justice because it cannot be sued as a defendant; moreover, the plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief) (not

5

reported).

Finally, the doctrine of *res judicata* requires dismissal of the instant cause of action. The doctrine of *res judicata* bars relitigation between the same parties or their privies on the same claim. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6 (1982). It also bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. *Westwood Chemical Co., Inc., v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). For a judgment to constitute a bar, there must be an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.* at 1227. Clem's two cases before this court were virtually identical in parties and claims, thus triggering the *res judicata* bar.

## CONCLUSION

Clem has again made claims which are attenuated, unquestionably devoid of merit, and lack the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Accordingly, **IT IS ORDERED** as follows:

(1) Edmond C. Clem's claims against the United States Department of Veterans Affairs are **DISMISSED WITH PREJUDICE.**

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendant.

Signed on January 3, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7